# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CR-08-0120-WFN |
| vs. | |
| TIMOTHY SCHMEKEL, | Preliminary Order of Forfeiture |
| Defendant. | |

WHEREAS, in a forfeiture count of the Indictment filed in this case the United States sought forfeiture of certain personal property described as follows

A 128MB SD Flash Card from Kodak Digital Camera;

A Sandisk Micro SD Card from Verizon Blackberry (SN: 0626701698C);

A Gateway Solo2150 (SN: BS200180462) containing IBM Travelstar(SN: AF1E7927);

A Fujitsu Lifebook (SN: ACW0E0A08C001000) containing Hitachi (SN: GQLA10A2M2);

A Dell SHM (SN: 444C111) containing Western Digital 40GB (WMAAN2570228); and,

any other computer peripherals and/or electronic equipment seized from the Defendant's residence in Twisp, Washington, on April 25, 2008.

AND WHEREAS, on September 23, 2009, Defendant TIMOTHY SCHMEKEL, was found guilty by a jury of Counts 1 and 2 of the Indictment charging the Defendant with Receipt of Child Pornography, in violation 18 U.S.C. § 2252A(a)(2)(A); and, Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(5)(B). The parties agreed to the forfeiture of the following described assets:

A 128MB SD Flash Card from Kodak Digital Camera;

Preliminary Order of Forfeiture - 1

A Sandisk Micro SD Card from Verizon Blackberry (SN: 0626701698C); and,

A Fujitsu Lifebook (SN: ACW0E0A08C001000) containing Hitachi (SN: GQLA10A2M2).

AND WHEREAS, by virtue of said guilty verdicts, the United States is now entitled to possession of the above-described property, pursuant to 18 U.S.C. § 2253, and Rule 32.2 of the Federal Rules of Criminal Procedure;

Accordingly, it is hereby **ORDERED**:

1. That based upon the guilty verdicts announced by the jury on September 23, 2009, said property described below is hereby preliminarily forfeited to the United States for disposition in accordance with the law, subject to the provisions of 18 U.S.C. § 2253:

A 128MB SD Flash Card from Kodak Digital Camera;

A Sandisk Micro SD Card from Verizon Blackberry (SN: 0626701698C); and,

A Fujitsu Lifebook (SN: ACW0E0A08C001000) containing Hitachi (SN: GQLA10A2M2).

2. That the aforementioned forfeited property is presently held by the Federal Bureau of Investigation, in their secure custody and control.

3. Upon the entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order. The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the property listed above. Any person, other than the above-named Defendant, asserting a legal interest in the above-listed property may, within sixty days of the first date of internet posting of notice, or by the date indicated on direct notice, if sent, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the above-listed forfeited assets and for an

amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 2253. Any petition filed by a third party asserting an interest in the above-listed forfeited assets shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in said property, the time and circumstances of the petitioner's acquisition of the right, title or interest in said assets, and any additional facts supporting the petitioner's claim and the relief sought.

4. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture is final as to the Defendant at the time of sentencing, and is made part of the sentence and included in the judgment.

5. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

6. The United States shall have clear title to the above-listed assets following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), as incorporated by 18 U.S.C. § 2253, for the filing of third party petitions.

7. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

ORDERED this 5th day of November, 2009.

11-04

 s/ Wm. Fremming Nielsen
Wm. Fremming Nielsen
Senior United States District Judge