.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                                                            )<br>                          Respondent,     )<br>                                                            )<br>        -vs-                                                )<br>                                                            )<br>TIMOTHY JONATHAN SCHMEKEL,  )<br>                                                            )<br>                          Movant.             )<br>                                                            ) | NO.      CR-08-0120-WFN<br><br>ORDER |

Before the Court is Mr. Schmekel's *pro se* 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (ECF No. 187).

### BACKGROUND

Mr. Schmekel was indicted August 5, 2008, in an Indictment alleging receipt of child pornography and possession of child pornography. He proceeded to trial and was found guilty by a jury (ECF No. 99). This Court sentenced him to 68 months of incarceration on May 5, 2010 (ECF No. 157). He appealed and a mandate affirming this Court was issued on March 31, 2011.

### DISCUSSION

To gain relief, Movant must establish that (1) he is in custody under a sentence of this federal court; (2) his request for relief was timely; and (3) the court lacked either personal or subject matter jurisdiction, the conviction or sentence is unconstitutional, the conviction or sentence violates federal law, or the sentence or judgment is otherwise open to collateral attack. 28 U.S.C. § 2255. Mr. Schmekel established that he satisfies the first two prongs.

ORDER - 1

Mr. Schmekel argues that his conviction was unconstitutional, thus satisfying the third prong, based on ineffective assistance of counsel. In order to prevail on his ineffective assistance claims, Mr. Schmekel must prove that counsel's performance was deficient and that he was prejudiced by this deficient performance. *United States v. Strickland,* 466 U.S. 668, 687 (1984). Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. at 689 (internal citations omitted). In order to show prejudice, Mr. Schmekel must show that but for counsel's errors the results of the proceeding would have been different. *Id.* at 694.

Mr. Schmekel argues that Mr. Maxey erred by not calling Melodie Ross, Mr. Schmekel's ex-wife, to the stand because he claims she admitted to accessing Mr. Schmekel's computer prior to the search and seizures of his computers. "The defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. He bears the heavy burden of proving that counsel's assistance was neither reasonable nor the result of sound trial strategy." *Matylinsky v. Budge*, 577 F.3d 1083, 1091 (9th Cir. 2009). Defendant acknowledges that Mr. Maxey indicated that he did not wish to call Ms. Ross due to his wish not to bring up personal family matters on the witness stand. At the time of the trial Ms. Ross and Mr. Schmekel were in the midst of dissolution proceedings precipitated by the allegations Mr. Schmekel faced at trial. Mr. Maxey made a sound strategic decision in not calling Ms. Ross.

Additionally, assuming Mr. Schmekel's allegations of Ms. Ross's potential testimony are true, Mr. Schmekel cannot show prejudice. Evidence at trial not only showed that there were images on Mr. Schmekel's computer, but also on the Blackberry. Even if Ms. Ross would have admitted to downloading 519 pictures on Mr. Schmekel's computer (which there is no evidence of aside from Mr. Schmekel's bare assertion before the Court on the § 2255 Motion that she even accessed his computer), there is no indication that she sent any images to his Blackberry or downloaded images to his Blackberry. Thus, being that Mr. Schmekel was convicted of receipt of child pornography without any reference by the jury to the number of images involved, the results of the trial would not have been different had Ms. Ross testified exactly as Mr. Schmekel argues she would (without providing any affidavit or proof that Ms. Ross would have provided such testimony). The eloquent letter attached to Mr. Schmekel's reply written by Ms. Ross does not include any information that would have exculpated Mr. Schmekel had it been repeated at trial.

Second, Mr. Schemekel argues Mr. Maxey's performance was deficient for his failure to adequately cross examine Agent Munn. (Mr. Schemekel also appears to be concerned about Agent Munn's alleged false testimony, but this would be out of Mr. Maxey's control beyond a vigorous cross-examination.)  "[M]atters such as counsel's approach to impeachment are often viewed as tactical decisions, and such decisions do not constitute deficient conduct simply because there are better options, a poor tactical decision may constitute deficient conduct if the defendant can overcome the presumption that, under the circumstances, the challenged action or lack of action 'might be considered sound trial strategy." *Reynoso v. Giurbino*, 462 F.3d 1099, 1113 (9th Cir. 2006) (internal quotation omitted).

As pointed out by the Government, Mr. Maxey did cross-examine Agent Munn regarding alternate theories on how the images could have appeared on Mr. Schmekel's computer without his knowledge and/or volitional action. Mr. Schmekel has not overcome

ORDER - 3

the presumption of sound trial strategy regarding Mr. Maxey's choice to limit his cross-examination to only certain methods of accidental downloading or his choice not to call his expert.

## CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a Circuit Justice issues a certificate of appealability, finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2004). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a claim is dismissed on procedural grounds, the Court must determine whether jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 120 S. Ct. at 1604. A certificate of appealability should not be granted unless both components, one directed at the underlying constitutional claims, and the second directed at the court's procedural holding, are satisfied. *Id.* The Court may address either the constitutional or procedural issue first. *Id.* Based on the Court's preceding analysis, the Court concludes: (1) that the Movant has failed to make a substantial showing of a denial of a constitutional right and (2) that jurists of reason would not find it debatable whether the Court was correct in any substantive or procedural ruling. Thus a certificate of appealability should not issue. Accordingly,

**IT IS ORDERED** that Mr. Schmekel's *pro se* 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence, filed June 4, 2012, **ECF No. 187**, is **DENIED WITH PREJUDICE.**

The District Court Executive is directed to file this Order, send a copies to counsel **AND TO** Mr. Schmekel; inform the Ninth Circuit Court of Appeals that if the Movant files

ORDER - 4

1 a Notice of Appeal, that a certificate of appealability is **DENIED**; and **CLOSE** the
2 corresponding civil case, **CV-12-0149-WFN**.

**DATED** this 5th day of November, 2012.

10-16-12

                                      s/ Wm. Fremming Nielsen
                                      WM. FREMMING NIELSEN
                                      SENIOR UNITED STATES DISTRICT JUDGE